3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK FEE,

    Plaintiff,

v.

INLAND LAKES MANAGEMENT, INC.,

    Defendant.
_____/

Case Number: 05-CV-71948-DT

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

**05-10188**

### ORDER (1) GRANTING DEFENDANT'S MOTION FOR CHANGE OF VENUE TO THE NORTHERN DIVISION OF THE EASTERN DISTRICT OF MICHIGAN; AND (2) GRANTING ATTORNEY FEES AND COSTS TO DEFENDANT PURSUANT TO TITLE 28 U.S.C. § 1927

Now before the Court is Defendant's motion for a change of venue to the Northern Division of the Eastern District of Michigan, which motion was filed on July 1, 2005.

The Court grants Defendant's motion to change venue to the Northern Division pursuant to 28 U.S.C. § 1927. The Court grants Defendant's motion to change venue because this case's incident occurred in the Northern Division, Plaintiff resides there, and Defendant conducts its business there.

Plaintiff filed this case in the Southern Division of Michigan, after having previously filed this matter in the Wayne County Circuit Court and having dismissed that case because venue was proper in Alpena County, located in the Northern Division. Plaintiff well knew, when filing this case, that the case must be filed in the Northern Division of this Court, and has unreasonably and vexatiously multiplied the proceedings in this case. The Court awards Defendant attorney fees reasonably incurred because of Plaintiff's conduct.

1

The relevant facts are clear:

1) The case was originally filed in the Wayne County Circuit Court, and then dismissed because nothing about this case occurred in Wayne County. Defendant advised Plaintiff that this case belonged in Alpena, which is within the Northern Division of this Federal Court;

2) Nevertheless, Plaintiff filed this suit in the Southern Division of this Court, *and* styled its pleading "Southern Division."

3) On this Court's Civil Cover Sheet that Plaintiff filled out, he wrote "*Wayne*" for the "county in which this action arose." This is clearly erroneous.

4) On the Civil Cover Sheet, Plaintiff indicates that he resides in Alpena County;

5) Plaintiff's federal-court complaint, stating "Southern Division," further states that jurisdiction and venue lie in this action because Defendant conducts "business within this forum's boundaries," but fails to note that Defendant's business is conducted in Alpena, the Northern Division;

6) The Complaint fails to mention that Plaintiff resides in Alpena;

7) The Complaint describes the incident as occurring on August 31, 2002, while Plaintiff was in the course of employment, but conveniently fails to state where this incident occurred--in Alpena.

The Court finds that Plaintiff has purposefully and intentionally multiplied the proceedings in this case, unreasonably and vexatiously, because it is abundantly clear that Plaintiff well knew that the case does not belong in the Southern Division yet labeled the complaint "Southern Division," wrote on the cover sheet "Wayne" as the county in which this action arose, and then failed to note in the Complaint where the incident took place. Accordingly, this Court awards Defendant's attorneys costs for having to file this motion to change venue pursuant to 28 U.S.C. § 1927.

To avoid the necessity of further litigation costs caused by Plaintiff's conduct, the Court, at this time, is not holding a hearing as to Defendant counsel's allegations concerning Plaintiff

counsel's communications/commitments regarding the place of filing the federal complaint, in connection with the dismissal of Plaintiff's original Wayne County complaint.

SO ORDERED.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: July 26, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 26, 2005.

s/Jonie Parker<br>
Case Manager

3