**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARK FEE,

                        Plaintiff,                              Case Number: 05-10188

v.                                              JUDGE PAUL D. BORMAN
                                                   UNITED STATES DISTRICT COURT

INLAND LAKES MANAGEMENT, INC,

                        Defendant.
_____ /

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL**
**REHEARING (Docket No. 12)**

Now before the Court is Plaintiff's Motion for Partial Rehearing. Having considered the

entire record, and for the reasons that follow, the Court DENIES Plaintiff's Motion for Partial

Rehearing.

On July 26, 2005, this Court granted Defendant's Motion to Change Venue to the

Northern Division, pursuant to 28 U.S.C. § 1927 (Docket No. 9). The Court granted the motion

because: (1) the incident at issue occurred in the Northern Division, (2) Plaintiff resides there,

and (3) Defendant conducts its business there.

In his Motion for Partial Rehearing, Plaintiff argues, *inter alia*, that he did not write

"Wayne" on the Civil Cover Sheet, as found by this Court in the July 26, 2005 Order. Accepting

this proffer as true, then Plaintiff's cover sheet, in the space for listing the "County in which this

action arose" does not state a county, but instead states "On Great Lakes." Plaintiff does not even

1

specify the "Great Lake" on which the incident occurred .  The Court is, in essence, told by

Plaintiff to "go fish" – is it Lake Huron, Ontario, Michigan, Erie or Superior?  In addition to not

listing the county where the action arose, the Plaintiff left blank the county where Defendant

Inland Lakes is located.

Plaintiff also argues that apart from his not writing "Wayne" on the Court's cover sheet,

none of the Court's other findings as to his Complaint were sanctionable.  Thus, Plaintiff

assumes that the Court issued sanctions based on the Court's "Wayne" finding, that there was a

palpable defect in the ruling, and that correction of the defect would result in the removal of

sanctions.  Plaintiff's scenario is not correct.

The Court interprets this motion as a Motion for Reconsideration.  A motion for

reconsideration will be granted if the moving party demonstrates that the court's order contains

"a palpable defect by which the court and parties have been misled," and that "correcting the

defect will result in a different disposition of the case." L.R. 7.1(g)(3).  A "palpable defect" is a

defect which is obvious, clear, unmistakable, manifest or plain. *Marketing Displays, Inc. v.*

*Traffix Devices, Inc*., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (internal citation omitted).

The Court finds that, apart from the"Wayne" correction, there are no palpable defects in

the facts and analysis in this Court's order, and thus denies Plaintiff's Motion for Partial

Rehearing.  The Court's prior order found that:

1.      The case was originally filed in the Wayne County Circuit Court, and then
        dismissed because nothing about this case occurred in Wayne County.
        Defendant advised Plaintiff that this case belonged in Alpena, which is
        within the Northern Division of this Federal Court;

2.      Nevertheless, Plaintiff filed this suit in the Southern Division of this
        Court, and styled its pleading "Southern Division";

2

3.      On the Civil Cover Sheet, Plaintiff indicates that he resides in Alpena County;

4.      Plaintiff's federal-court Complaint, stating "Southern Division," further states that jurisdiction and venue lie in this action because Defendant conducts" business within this forum's boundaries," but fails to note that Defendant's business is conducted in Alpena, the Northern Division.

(Docket No. 9, Order 2).

In response to the instant motion, the Court adds the following facts in support of its ruling. Plaintiff's Complaint does not specify the county where the action took place – Alpena County, in the Northern Division of the Eastern District of Michigan. Instead, Plaintiff cavalierly writes "On Great Lakes" as the county where the action took place. The rules are written so that the Court does not have to spend its time fishing for facts on the five Great Lakes.

Further, Eastern District Local Rule 83.10 clearly states that when civil cases are assigned within the court, in determining which place of holding court to assign a case, the county in which a plaintiff resides takes precedence over the county in which the claim arose, and the county in which a defendant resides or has a place of business. E.D. L.R. 83.10(b)(3), (4), (5). Since the county where Plaintiff resides is Alpena, the place for holding court is Bay City, in the Northern Division. E.D. L.R. 83.10(a)(2). Again, the Court notes that the pleading is styled "Southern Division."

Accordingly, assuming that Plaintiff did not write the word "Wayne" as the county in which this action arose, the Court still finds, for the reasons previously set forth in the Court's order of July 26, 2005, and for the additional reasons discussed above, that Plaintiff has purposefully and intentionally multiplied the proceedings. Plaintiff's actions were unreasonable

3

and vexatious.  It is clear that Plaintiff was fully aware that this case did not belong in the

Southern Division, yet he mislead the Court by labeling the Complaint (attached)  "Southern

Division," and failed to identify in the Complaint that the incident took place in Alpena.  Indeed,

the Complaint does not state where the action occurred.  Therefore, the Court finds that Plaintiff

failed to identify a palpable defect in the Order by which the Court and parties have been misled.

Accordingly, this Court DENIES Plaintiff's Motion for a Partial Rehearing.


**SO ORDERED.**



s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
September 29, 2006.


s/Denise Goodine
Case Manager